SECOND JUDICIAL DISTRICT COURT OF THE
COUNTY OF UNION.

BENJAMIN M. FLEETWOOD, PLAINTIFF, v. HERSHEY
CREAMERY CO., DEFENDANT.

Decided July 23, 1947.

For the plaintiff, *McCarter, English & Studer.*

For the defendant, *James A. Coolahan.*

FULOP, D. C. J. Plaintiff was employed by defendant as
a salesman from about January 15th, 1939, to May 10th,
1942, when he obtained leave of absence to go into war work.
He received vacation pay until June 15th, 1942, when he
was severed from the payroll. He received a salary and
bonuses. His work required that he use his own automobile.
The defendant agreed to pay for gasoline, oil and repairs for

the car and also agreed to set aside $15 a month in a trust fund to be paid out on plaintiff's behalf when he purchased a new automobile. Defendant reserved the right to stipulate when defendant should buy a new car in order that plaintiff, as defendant's sales representative, might maintain a proper appearance.

In June, 1940, plaintiff purchased a new car and defendant paid to the dealer all or part of the amount on deposit in the automobile depreciation reserve fund which had been accumulated at the rate of $15 per month for the plaintiff. Thereafter, plaintiff did not purchase a new car up to the time when he left the defendant's employ.

In May, 1942, when plaintiff quit, he asked defendant for the sums accumulated as depreciation reserve on his behalf. His supervisor said the money was controlled at the company's home office at Harrisburg and he would find out about it.

On May 22d, 1942, defendant issued a "ruling" in which, among other things, it said:

"The definite decision that has resulted from this ruling is that accumulated car depreciation is intended for the sole value of replacement of their motor vehicle while they are employed by the Company—and that any accrued depreciation will not be paid on their leaving the Company permanently or on the basis of a leave of absence. However, if and when they return to the employ of the Company, such depreciation as existed at the date of their leaving will be in turn credited to their depreciation fund."

Plaintiff refused to agree to this "ruling."

Plaintiff seeks to recover $15 a month deposited to his credit in the company's depreciation fund from June 21st, 1940, to May 10th, 1942, or a total of $345, plus interest.

Defendant contends that plaintiff forfeited any interest in this depreciation fund when he left defendant's employ, that the fund was to be used for his benefit only if he purchased a new car while continuing in his employment, and that plaintiff had no other right to the money.

It may well be that if plaintiff had clearly agreed to the contract for which defendant contends, he would be barred from recovering. Whether or not he did so is a question of

fact. The testimony on behalf of defendant does not support its contention. My recollection is that the man who hired the plaintiff testified that nothing was said at the time of hiring as to what would happen to the depreciation fund in the event that plaintiff quit before he bought a new car.

On the other hand, plaintiff testified that his employer explained at the time of hiring that the depreciation fund was set up in *lieu* of mileage payments to the salesmen and that the plan was designed to assure the company that the salesmen would have the money available to buy a new car when needed.

I am convinced that the plaintiff's version is correct. If so, the accumulation was his money, earned by him, but held in trust for him by the defendant. I am satisfied that plaintiff never agreed that he would wear out his car on the business of the company, with compensation to depend upon the fortuitous circumstance whether he bought a new car before or after he left his employment.

No subsequent unilateral "ruling" by the company could deprive him of his vested interest in the fund.

Since the only purpose of the trusteeship was to protect the company to the extent of its interest in seeing to it that plaintiff had a new car when needed, and since the company no longer has any such interest, the trust has become a "dry" trust and plaintiff is entitled to the money.

Judgment will be entered in favor of the plaintiff and against the defendant in the sum of $345 plus legal interest to be calculated from May 10th, 1942, and costs of suit.